**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

MATTHEW JAMES DECKER,

                Petitioner,                CASE NO. 10-cv-11806

v.                                                JUDGE PAUL D. BORMAN
                                                 UNITED STATES DISTRICT JUDGE

NICK LUDWICK,

                Respondent.
                                           /

**OPINION AND ORDER
(1) SUMMARILY DENYING THE PETITION FOR WRIT OF HABEAS CORPUS AND
(2) DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY AND LEAVE TO
PROCEED ON APPEAL *IN FORMA PAUPERIS***

Petitioner Matthew James Decker, a state inmate currently confined at the St. Louis Correctional Facility in St. Louis, Michigan, filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, alleging that he is incarcerated in violation of his constitutional rights. In his *pro se* application, Petitioner challenges the validity of his sentences for his no-contest plea to (1) two counts of home invasion, second-degree, MICH. COMP. LAWS § 750.110a(3), and (2) one count of home invasion, first-degree, MICH. COMP. LAWS § 750.110a(2), which occurred in the Muskegon County Circuit Court. He was sentenced, pursuant to a *Cobbs*[1] agreement, as a habitual offender, fourth offense, MICH. COMP. LAWS § 769.12, to three concurrent terms of fourteen to fifty years in prison. For the reasons stated below, the Court will summarily deny the petition. The Court will also decline to issue Petitioner a certificate of appealability and leave to proceed on appeal *in forma pauperis*.

---

[1] *People v. Cobbs*, 443 Mich. 276, 505 N.W.2d 208 (1993).

## I. BACKGROUND

Following his sentencing, Petitioner filed a delayed application for leave to appeal in the Michigan Court of Appeals, alleging that his sentence was calculated improperly. The Michigan Court of Appeals denied the delayed application. *People v. Decker*, No. 291496 (Mich.Ct.App. May 13, 2009). Petitioner then filed an application for leave to appeal in the Michigan Supreme Court, raising the same claim. The Michigan Supreme Court denied the application on September 28, 2009. *People v. Decker*, 485 Mich. 898, 772 N.W.2d 417 (2009). Petitioner now seeks the issuance of a writ of habeas corpus, raising the same sentencing claims raised in both state appellate courts.

## II. DISCUSSION

### A. Standard of review

A petition for a writ of habeas corpus must set forth facts that give rise to a cause of action under federal law or it may summarily be dismissed. *See Perez v. Hemingway*, 157 F.Supp.2d 790, 796 (E.D. Mich. 2001). A federal district court is authorized to summarily dismiss a habeas corpus petition if it plainly appears from the face of the petition or the exhibits that are attached to it that the petitioner is not entitled to federal habeas relief. *See Carson v. Burke*, 178 F.3d 434, 436 (6th Cir. 1999); Rules Governing § 2254 Cases in the United States District Courts, Rule 4, 28 U.S.C. foll. § 2254. The Sixth Circuit, in fact, long ago indicated that they "disapprove the practice of issuing a show cause order [to the respondent] until after the District Court first has made a careful examination of the petition." *Allen v. Perini*, 26 Ohio Misc. 149, 424 F.2d 134, 140 (6th Cir. 1970). A district court therefore has the duty to screen out any habeas corpus petition which lacks merit on

its face. *Id.* at 141. No return to a habeas petition is necessary when the petition is frivolous, or obviously lacks merit, or where the necessary facts can be determined from the petition itself without consideration of a return by the state. *Id.*

After undertaking the review required by Rule 4, the Court concludes that the grounds raised by Petitioner in his petition are meritless, such that the petition must be summarily denied. *See McIntosh v. Booker*, 300 F.Supp.2d 498, 499 (E.D. Mich. 2004).

### B. Sentencing Claims

Petitioner asserts that he is entitled to habeas relief because the trial judge improperly mis-scored offense variables 9, 12, 13, and 16, by relying upon facts not determined by a jury, and that in sentencing him the trial judge improperly departed above the sentencing guidelines range.

These sentencing claims only raise questions of the interpretation and application of state law. *Thomas v. Foltz*, 654 F.Supp. 105, 106-07 (E.D. Mich. 1987). It is well-established that habeas relief does not lie for perceived errors of state law. *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991). State courts are the final arbiters of state law and the federal courts will not intervene in such matters. *Oviedo v. Jago*, 809 F.2d 326, 328 (6th Cir. 1987). Moreover, "there is no constitutional right to individualized sentencing in non-capital cases." *United States v. Odeneal*, 517 F.3d 406, 415 (6th Cir. 2008). *See also United States v. Thomas*, 49 F.3d 253, 261 (6th Cir. 1995).

Petitioner's claim that the state trial court incorrectly scored or calculated his sentencing guidelines range is not a cognizable claim for federal habeas review because it is a state law claim. *Thomas*, 654 F.Supp. at 106-07; *see also McPhail v. Renico*, 412 F.Supp.2d 647, 656 (E.D. Mich. 2006) (same). Furthermore, "Petitioner has no state-created interest in having the Michigan Sentencing Guidelines applied rigidly in determining his sentence." *Shanks v. Wolfenbarger*, 387

3

F.Supp.2d 740, 752 (E.D. Mich. 2005). "In short, [P]etitioner ha[s] no federal constitutional right to be sentenced within Michigan's guideline minimum sentence recommendations." *Doyle v. Scutt*, 347 F.Supp.2d 474, 485 (E.D. Mich. 2004).

Additionally, Petitioner contends that the trial court judge violated his Sixth Amendment right to a trial by jury by using factors to score his guidelines which had not been submitted to a jury and proven beyond a reasonable doubt or admitted to by him. To the extent Petitioner relies on *Blakely v. Washington*, 543 U.S. 296 (2004), his claim is not cognizable.

The *Blakely* Court held that, other than the fact of a defendant's prior conviction, any fact that increases or enhances a penalty for the crime beyond the prescribed statutory maximum for the offense must be submitted to the jury and proven beyond a reasonable doubt. *Id.* at 301 (citing *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000)).

However, the problem with Petitioner's reliance on *Blakely* is that the case in *Blakely* involved a trial court's departure from Washington's determinate sentencing scheme. Michigan, by contrast, has an indeterminate sentencing system in which the defendant is given a sentence with a minimum and a maximum sentence. The maximum sentence is not determined by the trial judge but is set by law. *See People v. Drohan*, 475 Mich. 140, 160-61, 715 N.W.2d 778 (2006); *People v. Claypool*, 470 Mich. 715, 730, n. 14, 684 N.W.2d 278 (2004) (both citing MICH. COMP. LAWS § 769.8). "Michigan's sentencing guidelines, unlike the Washington guidelines at issue in *Blakely*, create a range within which the trial court must set the minimum sentence." *Drohan*, 475 Mich. at 161, 715 N.W.2d 778. Under Michigan law, only the minimum sentence must presumptively be set within the appropriate sentencing guidelines range. *See People v. Babcock*, 469 Mich. 247, 255, n. 7, 666 N.W.2d 231 (2003). Under Michigan law, the trial judge sets the minimum sentence, but can

4

never exceed the maximum sentence. *Claypool*, 470 Mich. at 730, n. 14, 684 N.W.2d 278. Michigan's indeterminate sentencing scheme is therefore unaffected by the Supreme Court's holding in *Blakely*. *Drohan*, 475 Mich. at 164, 715 N.W.2d 778.

Thus, the decision in *Blakely* has no application to Petitioner's sentences. Because *Blakely* does not apply to Michigan's indeterminate sentencing schemes, the trial court's calculation of Petitioner's sentencing guidelines range did not violate his Sixth Amendment rights so as to entitle him to habeas relief. *See also Tironi v. Birkett*, 252 Fed. App'x. 724, 725 (6th Cir. 2007) (*Blakely* does not apply to Michigan's indeterminate sentencing schemes).

Against that backdrop, the Court concludes that Petitioner is not entitled to habeas relief on his sentencing claims.

### C. Certificate of Appealability

The Court will also decline to issue Petitioner a certificate of appealability. In order to obtain a certificate of appealability, a prisoner must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To demonstrate this denial, the applicant is required to show that reasonable jurists could debate whether, or agree that, the petition should have been resolved in a different manner, or that the issues presented were adequate to deserve encouragement to proceed further. *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). When a district court rejects a habeas petitioner's constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims to be debatable or wrong. *Id.* at 484. "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rules Governing § 2254 Cases, Rule 11(a), 28 U.S.C. foll. § 2254.

For the reasons stated, the Court declines to issue Petitioner a certificate of appealability because reasonable jurists would not find its assessment of Petitioner's claims to be debatable or wrong. Indeed, it would be a "rare case" in which a district judge issues a habeas petitioner a certificate of appealability to appeal after he dismisses a habeas petition without requiring an answer because it plainly appeared from the face of the petition and any exhibits annexed to it that the petitioner was not entitled to habeas relief. *See e.g. Alexander v. Harris*, 595 F.2d 87, 91 (2nd Cir. 1979); *Myers v. Ludwick*, No.2009 WL 4581693, * 4 (E.D. Mich. Dec. 3, 2009). The Court also declines Petitioner leave to appeal *in forma pauperis*, because the appeal would be frivolous. *Allen v. Stovall*, 156 F.Supp.2d 791, 798 (E.D. Mich. 2001).

## III. CONCLUSION

Accordingly, **IT IS ORDERED** that Petitioner's petition for a writ of habeas corpus [dkt. # 1] is **DENIED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that Court declines to issue Petitioner a certificate of appealability and leave to proceed *in forma pauperis* on appeal.


    S/Paul D. Borman
    PAUL D. BORMAN
    UNITED STATES DISTRICT JUDGE

Dated: May 21, 2010

CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record by electronic means or U.S. Mail on May 21, 2010.

                                                S/Denise Goodine
                                                Case Manager